OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Daniel W. DeSantis appeals from the February 26, 2004, March 3, 2004, and March 10, 2004, Judgment Entries of the Canton Municipal Court. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 13, 2004, Rickie Robinson's motor vehicle was towed and impounded by DeSantis Towing after Robinson was arrested and charged with driving under an FRA suspension. On February 18, 2004, the trial court issued an order permitting Robinson to retrieve his belongings from his motor vehicle. However, when Robinson appeared at DeSantis Towing, appellant Daniel W. DeSantis refused to allow Robinson access to his motor vehicle unless the current towing and storage fees were paid. Robinson paid the current charges and, as requested by appellant, signed over the title to his motor vehicle in order to retrieve his belongings.
 {¶ 3} Thereafter, pursuant to an oral court order issued via telephone, appellant appeared before the trial court on February 26, 2004. As memorialized in a Judgment Entry filed on February 26, 2004, the trial court, after noting that "[t]he Court order does not reflect the necessity for Mr. Robinson to pay any fees" prior to retrieving his personal belongings from his motor vehicle, ordered appellant to appear with counsel on March 2, 2004, "to show cause why he should not be held in contempt for failure to comply of this Court's prior Order."
 {¶ 4} On March 1, 2004, appellant filed a Motion to Dismiss, arguing that the trial court lacked in rem and in personam jurisdiction and that the trial court had violated appellant's procedural and substantive due process rights. A show cause hearing was then held on March 2, 2004. Pursuant to a Judgment Entry filed on March 3, 2004, the trial court found appellant in contempt of court and ordered appellant to pay a fine in the amount of $250.00 and court costs and to serve thirty (30) days in jail. The trial court, however, suspended all but ten days on condition of appellant's good behavior for a term of two years. The trial court, in its March 3, 2004, entry, further ordered that appellant complete 100 hours of community service by June 1, 2004.
 {¶ 5} Appellant, on March 4, 2004, filed a Motion for Post Conviction Relief. The trial court denied such motion via a Judgment Entry filed on March 10, 2004.
 {¶ 6} It is from the trial court's February 26, 2004, March 3, 2004, and March 10, 2004, Judgment Entries that appellant now appeals, raising the following assignments of error:
 {¶ 7} "I. The trial court lacked in rem and in personam jurisdiction over the defendant for failure to properly and lawfully cause service of a lawful court order upon the defendant/appellant.
 {¶ 8} "II. The trial court made a mistake of law by applying the incorrect standard of proof to a charge of criminal contempt.
 {¶ 9} "III. The rulings by the trial court in denying the motion to dismiss for lack of jurisdiction, denying the motion for a directed acquittal and making a finding of criminal contempt, and in denying the motion for post conviction relief, are such a mistake of law so as to arise to an abuse of discretion."
 {¶ 10} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 11} "(E) Determination and judgment on appeal.
 {¶ 12} "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the courts decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 13} This appeal shall be considered in accordance with the aforementioned rule.
 I {¶ 14} Appellant, in his first assignment of error, argues that the trial court erred in holding appellant in contempt since the trial court lacked jurisdiction over appellant. We agree.
 {¶ 15} In Lioi v. Safturf Int'l Ltd., Inc. (June 25, 2001), Stark App. No. 2000CA00333, 2000CA00368, this Court held that the trial court was without jurisdiction to order a contempt against the appellant because the appellant had not been served with summons and complaint. This Court observed that "appellant should have been named and served as a party in the underlying judicial dissolution action."
 {¶ 16} In the case sub judice, the trial court patently and unambiguously lacked jurisdiction over appellant. Appellant was never served with a summons and complaint, has not been named as a party in the underlying case involving Rickie Robinson, and has not been joined as a party. See Lioi, supra. and State ofOhio, ex rel. Daniel William DeSantis dba Desantis Towing v. TheHonorable Judge Richard J. Kubilus, et al. (June 25, 2004), Stark Case No. 2004CA00086. The trial court, therefore, had no personal jurisdiction over appellant.
 {¶ 17} Appellant's first assignment of error is, therefore, sustained.
 II, III {¶ 18} Based on our disposition of appellant's first assignment of error, appellant's second and third assignments of error are moot.
 {¶ 19} Accordingly, the judgment of the Canton Municipal Court is reversed.
Edwards, J., Farmer, P.J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Canton Municipal Court is reversed. Costs assessed to appellee.